THE PEOPLE *v.* ROMÁN *alias* CHELO.

APPEAL from the District Court of Aguadilla.

No. 7.—Decided May 23, 1906.

EVIDENCE—TESTIMONY OF WITNESSES.—The provision of law requiring the *fiscal* to endorse upon the back of an information the names of the witnesses for the prosecution, does not prevent any other witness, whose name does not appear so endorsed upon the information, from testifying.

ID.—HEARSAY EVIDENCE—CONFESSION.—Statements made by the defendant to a witness many months after the commission of the crime are not admissible as evidence unless they are made as a confession of his crime, freely and voluntarily, and without duress, violence, or promises of any character.

ID.—PRIVATE DOCUMENT—AUTHENTICITY THEREOF—NEW TRIAL.—In this case the defendant offered as evidence a private document called a *vendé* (bill of sale) for the purpose of showing that he had purchased the horse which he was charged with having appropriated, and offered to prove the authenticity thereof by means of the testimony of witnesses; the court refused to admit the document. On appeal it was held that the trial court erred in excluding the document, that its authenticity might have been proved in the manner indicated, and that a new trial should be granted.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This case originated in an information duly filed in the District Court of Aguadilla, against Marcelino Román, *alias* Chelo, for feloniously taking a horse belonging to another person (grand larceny).

The defendant pleaded not guilty and asked for a trial by jury, which was held, resulting in a verdict of guilty.

He was declared convicted, and on December 22, 1905, as the defendant did not show sufficient cause why judgment should not be pronounced against him, such judgment was rendered, the defendant being sentenced to imprisonment for

two years and six months in the penitentiary at hard labor, and to pay the costs of the prosecution.

An appeal was taken from this judgment to this Supreme Court, but the following exceptions were first submitted to the judge of Aguadilla for his approval, and were so approved by him:

"First. Because the *fiscal* presented as a witness the municipal judge of Aguadilla, Michael Kearney, who does not appear in the list of witnesses who appeared in the copy of the information.

"Second. Because the *fiscal* objected to, and the court sustained the objection, Witness Esteban Pérez testifying with regard to the statements made to him by the defendant about ten months after (sic) the act the subject of the information; and

"Third. Because the court refused to permit the introduction of a document called a 'vendé' (bill of sale) to serve as evidence in favor of the defendant that he purchased the horse alleged to have been taken in the information. Such was the ruling of the judge which was excepted to according to lines 26 to 31, inclusive, of the bill approved by the judge. It was also sought to have Enrique Fossé acknowedge said document."

The defendant did not appear in this court either in person or though counsel, and the *fiscal* opposed the appeal both by brief and by argument at the hearing, and asked that the judgment be affirmed with costs against the appellant.

The first two exceptions taken, which have been mentioned above, are of no real importance.

There is no provision whatsoever forbidding the *fiscal* or the accused to present at the trial, within the period for the hearing of evidence, such witnesses as they may deem proper. By the presentation at that time of Witness Michael Kearney, the right of the defendant was not impaired in any manner, as he had an opportunity to confront him in the presence of the court, and could perfectly well have cross-examined him, that being a right which he has under section 11 of our Code of Criminal Procedure, and of which right he was not deprived by the testimony of Witness Kearney, notwithstanding

the fact that his name did not appear in the list of witnesses contained in the copy of the information.

With regard to the second exception, consisting in a witness for the defense, named Estaban Pérez, not being permitted to testify as to what the defendant had told him ten months before the act the object of the information, the prohibition appears to us to be acceptable. It is not a question of a conversation between the defendant and the witness had immediately before or immediately after the commission of the act which gave rise to these proceedings. The time which had elapsed was so long, ten months, that the conversation which they may have had could not have any influence at all on the ascertainment of the facts. On the other hand, it is to be assumed, Pérez being a witness for the defense, that he was going to say something in favor of the defendant, and as the latter was present at the trial, no one could testify better than he upon matters which, being of his own personal interest, he should remember in all their details. Counsel who took part in the trial finds it strange that a witness for the prosecution could testify to what the defendant had told him, but that a witness for the defense could not do the same.

But neither of the two points has the absolute character which the defense alleges. Neither one reference nor the other is always admissible and we have already seen why in this case we believe the refusal was justified.

Furthermore, there is a reason why in certain cases and on certain occasions the reference made by a witness for the prosecution to statements made to him by the defendant of his own free will, free from coercion, duress, promise or any other act which could in any way influence his mind to testify against himself, may be acceptable. Then this reference is a real confession and its admission is a necessity, because if the accused, according to section 7 of the Code of Criminal Procedure, cannot be forced to testify against himself in a criminal proceeding, it is also absolutely necessary to place The People of Porto Rico in a position to be able to ascertain the

facts of acts which tend to disturb their peace and offend their dignity.

Let us now consider the third and last exception alleged.

This exception is of importance, and we at once affirm that the judge of the Aguadilla court erred in not admitting the document for the purpose sought by counsel for the defendant.

Section 87 of the Act relating to evidence, approved on March 9, 1905, provides:

"Any writing 'may be proved either:
"1. By anyone who saw the writing executed.
"2. By evidence of the genuineness of the handwriting of the maker; or
"3. By subscribing witness."

So that if Enrique Fossé was present at the execution of the document, it should have been admitted, and this witness could very well have testified in regard thereto.

No one can now affirm whether the result of this evidence could or could not have influenced the finding of the jury which tried Marcelino Román, alias Chelo, and when in doubt we must find in his favor and grant him a new trial, in which his guilt or innocence may again be made the subject of investigation, which we are authorized to do in this case by section 364 of the Code of Criminal Procedure, and the Act of the Legislative Assembly of this Island approved March 30, 1904.

The judgment appealed from should therefore he set aside, with the costs against The People, and it is ordered that a new trial be held.

*Decided accordingly.*

Chief Justice Quiñones, and Justices MacLeary and Wolf concurred.

Mr. Justice Hernández took no part in the decision of this case.